UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| PETER WOOD, EXECUTOR FOR THE ESTATE OF WILLIAM WOOD<br><br>  Plaintiffs,<br><br>v.<br><br>GENERAL ELECTRIC COMPANY, CBS CORPORATION, a Delaware Corporation, f/k/a Viacom Inc., successor by merger to CBS Corporation, a Pennsylvania corporation, f/k/a Westinghouse Electric Corporation and as successor in interest to B.F. Sturtevant, AIR & LIQUID SYSTEMS CORPORATION, FOSTER WHEELER L.L.C. and CRANE CO.,<br><br>  Defendants. | Case No.<br><br><br><br><br><br><br><br><br><br><br><br><br><br>FEBRUARY 17, 2014 |

### GENERAL ELECTRIC COMPANY'S NOTICE OF REMOVAL

TO:  THE UNITED STATES DISTRICT COURT FOR THE
     DISTRICT OF CONNECTICUT

Pursuant to Title 28 U.S.C. § 1442(a)(1) and 1446, Defendant General Electric Company ("GE") hereby removes an action filed against it in the Superior Court of the State of Connecticut, Judicial District of Fairfield at Bridgeport and gives notice of such removal. In support, GE respectfully offers the following:

### Preliminary Matters

1.  Plaintiffs commenced this action against GE and several other defendants in the Superior Court of Connecticut, Judicial District of Fairfield at Bridgeport. The state court action is entitled *Peter Wood, Exec. of the Estate of William E. Wood  v.*

*General Electric Co., et al*, Docket No. FBT-CV-14-6041053-S. A copy of the Summons and Complaint in the state court action is attached hereto as **Exhibit A**.

2. Plaintiff served GE with the Summons and Complaint on February 3, 2014. The allegations of the Complaint include an allegation that decedent, William Wood was exposed to asbestos while working at Electric Boat Corp. from 1954 to 1992. As more fully explained below, this allegation suggests that the case is potentially removable by GE under the federal officer removal statute. Without conceding that service of a complaint with this sort of allegation is sufficient to trigger the 30 day removal period under 28 U.S.C. § 1446(b)(1) and (3), GE is removing this case within 30 days after its receipt of the initial pleading setting forth the plaintiff's claim for relief.

### Nature of the Case

3. This is a product liability action in which decedent, William Wood alleges that he contracted asbestos-related Mesothelioma and other asbestos-related pathologies. More specifically, the plaintiff alleges that he was exposed to various asbestos containing products while working at Electric Boat Corp. Complaint, ¶ 2.

4. The plaintiff asserts claims under the Connecticut Product Liability Act against GE and the other defendants. In particular the Complaint alleges that GE manufactured defective products and failed to warn potential users of its products of the health risks allegedly associated with exposure to asbestos dust and fibers. Complaint, ¶ 10.

## Grounds for Removal

5. Federal jurisdiction exists in this case pursuant to the federal officer removal statute, 28 U.S.C. § 1442(a)(1). GE supplied marine steam turbines and related propulsion and power generation equipment to the U.S. Navy for use in the construction of Navy ships and nuclear submarines. GE supplied these products pursuant to contracts and specifications executed by the U.S. Navy.

6. Although the complaint does not specifically allege the circumstances under which the plaintiff was exposed to asbestos dust and fibers, it appears that the plaintiff is alleging asbestos exposure from the products GE supplied to the U.S. Navy for use on Navy ships and/or nuclear submarines.

7. In the manufacture and sale of turbines and associated equipment for the U.S. Navy, including all aspects of warnings associated with those turbines and equipment, GE was acting under and at the direction of the U.S. Navy. Therefore, GE will raise the government contractor defense in this case. *Boyle v. United Technology Corp.*, 487 U.S. 500, 512 (1987); *In re Joint E. and S.D.N.Y.Asbestos Litigation ("Grispo")*, 897 F.2d 626, 630 (2d. Cir. 1990)(recognizing applicability of government contractor defense in a failure-to-warn case). Under the circumstances of the instant case, GE was acting under an officer or agency of the United States within the meaning of 28 U.S.C. § 1442(a)(1). In several District of Connecticut cases identical with or similar to the case at hand, federal officer removal jurisdiction has been found to exist. *DeMatties v. ACMAT Corp.*, Dkt. No. 3:08cv116(WWE); *Olivar v. Buffalo Pumps, Inc.*, Dkt. No. 3:07cv1912(CFD); *Carroll v. Buffalo Pumps, Inc.*, Dkt. No. 3:08cv707(WWE); *Machnik v. Buffalo Pumps, Inc.*, 506 F. Supp. 2d 99 (D. Conn. 2007); *Contois v. Able*

*Industries, Inc.*, 523 F. Supp. 2d 155 (D. Conn. 2007); *DeMarco v. General Electric Company*, Dkt. No. 3:09-cv-00373 (PCD) (D.Conn. May 29, 2009); *Allen v. General Electric Co.*, Dkt. No. 3:09-cv-0497 (JCH)(D.Conn. August 27, 2009); *Pianko v. General Electric Company*, 2010 U.S. Dist. LEXIS 15576 (D.Conn. February 23, 2010).  See also, *Faddish v. General Electric Co.*, 2010 U.S. Dist. LEXIS 112937 (EDPA October 22, 2010) (granting summary judgment to General Electric Company based upon the government contractor defense in an asbestos failure-to-warn case).

8. The removal was filed less than thirty days from the service of the pleading or other paper from which it was first ascertained that the case is removable and, therefore, is timely pursuant to 28 U.S.C. § 1446(b).

9. Pursuant to 28 U.S.C. § 1446(d), GE will this day, or promptly thereafter, give written notice of the filing of this Notice of Removal to all adverse parties and will file a copy of the Notice of Removal with the clerk of the Superior Court.

DEFENDANT
GENERAL ELECTRIC COMPANY

/s/ Brett M. Szczesny
Brett M. Szczesny, Esq.
Federal Bar No. ct19560
Halloran & Sage LLP
315 Post Road West
Westport, CT  06880
Telephone: (203) 227-2855
szczesny@halloransage.com

## CERTIFICATION

This is to certify that a copy of the foregoing has been mailed on this 17th day of February, 2014 to all counsel of record and parties as follows:

Embry and Neusner
118 Poquonnock Road
Groton, CT 06340
**Attorney for Plaintiff**

                                                  s/ Brett M. Szczesny
                                                  Brett M. Szczesny